### 17574

Tyler B. DUNLAP, Appellant, v. METROPOLITAN LIFE
INSURANCE COMPANY, Respondent

(110 S. E. (2d) 856)

*George D. Shore, Jr., Esq.,* of Sumter, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence,
and *G. Werber Bryan,* of Sumter, *for Respondent,*

208

*George D. Shore, Jr., Esq.,* of Sumter, *for Appellant, in Reply,*

October 29, 1959.

OXNER, Justice.

This action was brought by Tyler B. Dunlap, a dentist by profession, to recover disability benefits under an accident policy issued by the Metropolitan Life Insurance Company. The physical inability of Dr. Dunlap to pursue his profession is apparently not contested. The Company claims, however, that certain business activities in which he has been engaged definitely established that he is not "disabled" under the contract definition in the policy which requires that the insured be disabled "from engaging in any occupation or employment for wage or profit." After issues were joined, the Court below, upon application of the Company, passed an order requiring the insured to submit to a pre-trial examination and to "produce books of account and records concerning the following:

"(1) His activities as a horticulturist and nurseryman, with particular reference to compensation received from any services rendered in these or similar capacities;

"(2) Books of account showing what compensation has been received and what services he has performed with Cam-Aza Nursery;

"(3) What compensation, if any, he received directly or indirectly from the Sumter Elks Lodge;

"(4) Statement of income and expenses in connection with his farming activities;

"(5) Statement of income and expenses in connection with Texaco Service Station;

"(6) Statement of all sales and purchases from June, 1955, to August 1, 1958, of stocks, bonds, or other tangibles (intangibles); and

"(7) Statement of plaintiff's connection, if any, with any and all insurance, investment and finance companies, and any other businesses in which the plaintiff may be actively engaged, in his name or otherwise, from which he derives income."

Insured has appealed only from that portion of the order requiring him to disclose all sales and purchases of "stocks, bonds, or other intangibles" from June, 1955 to August 1, 1958. We, therefore, need not pass upon the Company's right to a pre-trial examination as to the other matters mentioned in said order.

Before discussing the question involved, it may not be amiss to briefly refer to the background of this litigation.

The policy was issued to Dr. Dunlap, a Sumter dentist, on March 17, 1931. On August 1, 1940 he suffered an accidental injury to his right hand which, according to the medical testimony, disabled him from practicing dentistry. After paying disability benefits for one year, further payments were refused by the Company upon the ground that insured was then engaged in a gainful employment, other than his regular profession, with which he was familiar and from which he derived a substantial income. Dr. Dunlap then brought suit to recover the accrued installments. The trial resulted in a verdict for insured. On appeal, the judgment was affirmed. *Dunlap v. Maryland Casualty Co.,* 203 S. C. 1, 25 S. E. (2d) 881, 884, 149 A. L. R. 1. We there stated that "the expressions 'any occupation' and 'any employment' should be considered to mean the usual employment of the particular person insured, or such other employment, if any, reasonably approximating the same livelihood, as the insured might fairly be expected to follow in view of his sta-

tion, circumstances, training, aptitude and physical and mental capabilities." It was held in that case that the Court properly submitted to the jury the issue of total disability. Following this decision the payment of disability benefits was resumed and the Company continued to pay same until June 1, 1955 when it refused to make further payments. The instant action was then commenced to recover disability installments from June 1, 1955 to August 1, 1958, together with the premiums paid under protest during that period.

Reverting now to the issue raised by this appeal, we do not think that any income received by Dr. Dunlap from the purchase and sale of stocks, bonds or other intangibles is material to this controversy.

In the supporting affidavits of the Company's attorney upon which the order was issued, it is claimed that Dr. Dunlap is a stockholder and director of several insurance companies and that he "has been for a number of years, actively engaged as a nurseryman, horticulturist, service station operator and financier, either in his own name or in others' names, for which enterprises the plaintiff has been, and is, furnishing management direction and as a result of which he is receiving considerable compensation, directly or indirectly." It will be noted that there is no claim that Dr. Dunlap has received any commissions, salary or other income as a stockbroker or that he is engaged in such business.

The fact that an insured receives income from sources other than work or occupation does not preclude his recovery of disability benefits. Annotations 149 A. L. R., page 67; 153 A. L. R., page 437. In Appleman, Insurance Law and Practice, Volume I, page 863, it is stated that "the fact that one has a private income from investments which he actively supervises will not deprive him of protection." The insurer's contention here would lead to the strange result that a bedridden professional man is not totally disabled from performing gainful work because he receives a substantial income from purchasing and selling stocks and bonds.

In *Equitable Life Assurance Co. of United States v. Neill,* 5 Cir., 243 F. (2d) 193, the Company after paying to the insured, a dentist, disability benefits for almost twenty years discontinued doing so upon the ground that he was gainfully employed in other work. Suit by the insured followed. During the period of asserted disability, this dentist became a partner with another in an automatic laundry equipment business in which he invested $10,000.00. After the business was operated as a partnership for several years, it was incorporated and the dentist made secretary and treasurer. Thereafter he sold his stock in the corporation for approximately $45,000.00. During the time he was connected with this business he went to the office when he felt like it and there answered the telephone, occasionally wrote and signed letters and checks, and frequently approved purchase orders and consulted with his associate. For these intermittent activities he received no compensation and had no specific duties to perform. The Court held that the issue of total disability was properly submitted to the jury.

There is nothing in *Anair v. Mutual Life Insurance Company of New York,* 114 Vt. 217, 42 A. (2d) 423, 433, 159 A. L. R. 547, cited by counsel for the company, which militates against the above conclusion. In that case a lawyer suffered a nervous breakdown and was unable to pursue her profession. She then traded a farm which she owned for an apartment house and undertook to manage it. She was able to perform some but not all of the managerial duties and at times had to have the assistance of others. It was held that the question of total disability was properly submitted to the jury. The Court there stated: "It is universally held that the fact that an insured receives income from his investments does not deprive him of his right of recovery under a total disability provision."

It is argued that the extent of this pre-trial examination was addressed to the Judge's discretion but a party cannot be required to submit to an examination as to matters wholly irrelevant to the issues involved.

The exceptions are sustained and that portion of the order appealed from is reversed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, J. J., concur.